[Cite as *State v. Manes*, 2025-Ohio-35.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

RACHEL MANES

    Appellant

C.A. No.      31028

APPEAL FROM JUDGMENT
ENTERED IN THE
BARBERTON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.     23CRB00587

DECISION AND JOURNAL ENTRY

Dated: January 8, 2025

CARR, Judge.

{¶1} Defendant-Appellant, Rachel Manes, appeals from the judgment of the Barberton Municipal Court. This Court affirms.

I.

{¶2} Manes' ex-boyfriend secured an ex parte protection order against her in January 2023. On March 23, 2023, the parties appeared before the trial court for a full hearing. At the conclusion of the hearing, the parties and the trial court signed a domestic violence civil protection order ("DVCPO"). The DVCPO forbade Manes from contacting her ex-boyfriend, either directly or indirectly. For reasons unknown, the order was not filed until March 27, 2023.

{¶3} On March 24, 2023, one day after the full hearing, Manes used Facebook Messenger to send a message to a mutual friend of hers and the ex-boyfriend. She asked the mutual friend if he "could find out" when would be a good time for her to retrieve items from the ex-

boyfriend's residence. The mutual friend shared the message with the ex-boyfriend, who reported it to the police.

{¶4} Manes was charged with one count of violating a protection order. A jury found her guilty, and the trial court scheduled the matter for sentencing. The court sentenced her to a fine, suspended sentence, and community control.

{¶5} Manes filed a Crim.R. 29(C) motion for judgment of acquittal minutes before the clerk journalized her sentencing entry. The trial court held a hearing on her motion and later denied it. Manes then sought to appeal from the journal entry on the jury's verdict, her judgment entry of conviction, and the trial court's ruling on her Crim.R. 29(C) motion for acquittal. This Court initially dismissed her appeals because they were untimely and, as to the Crim.R. 29(C) ruling, she had not appealed from a final, appealable order. *See State v. Manes*, 9th Dist. Summit Nos. 30813, 30822 (Jan. 16, 2024). Following our dismissal, Manes moved to file a delayed appeal from her judgment entry of conviction and the trial court's ruling on her Crim.R. 29(C) motion for acquittal. This Court granted her motion with respect to the judgment entry of conviction. We once again noted that the Crim.R. 29(C) ruling was not a final order from which Manes could appeal. *See State v. Manes*, 9th Dist. Summit No. 31028 (Mar. 28, 2024).

{¶6} Manes' appeal is now before this Court. She raises three assignments of error for review. For ease of analysis, we rearrange and consolidate two of her assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED MS. MANES['] MOTION FOR ACQUITTAL.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORED (sic) SUFFICIENT EVIDENCE TO SUPPORT THE CHARGE LEVIED AGAINST MS. MANES IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶7} In her first and third assignments of error, Manes challenges the sufficiency of the State's evidence and argues the trial court erred by denying her motion for acquittal. She claims the State failed to prove there was a valid protection order in place on the day she allegedly violated its terms. Upon review, this Court rejects her arguments.

{¶8} Crim.R. 29 authorizes a trial court to enter a judgment of acquittal as to one or more charged offenses if the evidence is insufficient to sustain a conviction. Crim.R. 29(A). *See also* Crim.R. 29(C) (allowing defendant to seek acquittal within fourteen days of a jury's verdict). When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus.

{¶9} R.C. 2919.27 prohibits any person from recklessly violating the terms of a protection order. In prosecuting a defendant for a violation of the statute, the State need not prove a protection order was served on the defendant so long as the State proves (1) "the defendant was shown the protection order . . . or a judge, magistrate, or law enforcement officer informed the

defendant that a protection order . . . had been issued," and (2) "the defendant recklessly violated the terms of the order . . . ." R.C. 2919.27(D).

> A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

R.C. 2901.22(C).

{¶10} Deputy Terrell Kemp testified that he responded to the ex-boyfriend's residence on March 24, 2023, to investigate an alleged violation of a protection order. He spoke to the ex-boyfriend and learned that Manes had sent a message to their mutual friend. The ex-boyfriend showed Deputy Kemp a screenshot of the message. The message read:

> Hey was just wondering if you could find out a good time for me to get my sons things and Bunny !? I also need to give a few things I got that belongs to him !!! Thank you please just let me know !

Deputy Kemp understood the message to be an attempt on the part of Manes to make indirect contact with the ex-boyfriend through the mutual friend.

{¶11} Deputy Kemp testified that he ran a search through his law enforcement database, which showed an active protection order against Manes. He then contacted his dispatch center to confirm the protection order. He testified that dispatch verified there was an active protection order through the clerk of courts. The protection order named the ex-boyfriend as the protected party.

{¶12} The mutual friend testified about the message he received from Manes. He confirmed that she sent him the message via Facebook Messenger, and he shared it with the ex-boyfriend. He testified that he interpreted the message as a request for him to contact the ex-boyfriend on behalf of Manes.

{¶13}   The State introduced a copy of the DVCPO issued against Manes.  The DVCPO provided, in relevant part: "This proceeding came on for a hearing on 3/23/23 before the Court and the Ex Parte Order issued on 1/20/23."  (Emphasis deleted.)  It named the ex-boyfriend as the protected party and indicated that its terms would be in effect until March 23, 2028.  The order prohibited Manes from initiating or having contact with the ex-boyfriend either "directly or through another person."  Manes' signature appeared on the last page of the DVCPO.  Directly above her signature, the following text appeared: "I have read this Consent Agreement and Civil Protection Order and agree to its terms."

{¶14}   Manes argues that she was entitled to an acquittal because the State failed to prove there was a valid protection order in place when she messaged the mutual friend.  She notes that the State never introduced a copy of an ex parte protection order.  Further, Manes claims the ex parte order would have expired as a matter of law at the time of the full hearing on March 23, 2023.  She notes that the DVCPO she signed was not filed until March 27, 2023.  Thus, she argues she was not subject to any valid protection order on March 24, 2023.

{¶15}   Before turning to the merits, we pause to address two separate issues.  The first is the State's argument that Manes has not preserved her sufficiency argument for review.  The State notes that Manes did not challenge the effective date of the DVCPO until she filed her Crim.R. 29(C) motion for judgment of acquittal.  The sufficiency challenge she raised during trial was based on other grounds.  Because the trial court's ruling on her Crim.R. 29(C) motion is not a final, appealable order, the State argues, this Court cannot address her argument.

{¶16}   It is true that Manes did not challenge the effective date of the DVCPO until she filed her Crim.R. 29(C) motion.  It is also true that the trial court's ruling on that motion is not a final, appealable order.  *See State v. Manes*, 9th Dist. Summit Nos. 30813, 30822 (Jan. 16, 2024).

Importantly, however, the trial court's ruling is not a final order because Manes filed her Crim.R. 29(C) motion before her judgment entry of conviction. When the trial court issued the judgment entry of conviction, the Crim.R. 29(C) motion was deemed to have been denied by operation of law. *See id.* Accordingly, while the trial court's post-conviction ruling on the motion is not properly before us, Manes preserved her argument for appeal.

{¶17} The second issue this Court pauses to address is Manes' limited assertion that the DVCPO was not properly admitted as evidence. She argues that the State failed to lay a proper foundation for its admissibility at trial. Yet, her captioned assignment of error only challenges the sufficiency of the evidence. This Court will not address arguments that fall outside the scope of an appellant's assigned error. *See State v. Miller*, 2015-Ohio-279, ¶ 18 (9th Dist.). Further, even if her argument was properly before us, a sufficiency review requires an appellate court to consider "all evidence presented by the State in its case in chief, whether such evidence was properly admitted or not." *State v. Dixon*, 2012-Ohio-4428, ¶ 18 (9th Dist.).

{¶18} Viewing the evidence in a light most favorable to the State, a rational trier of fact could have concluded that the State proved, beyond a reasonable doubt, that Manes recklessly violated a protection order. *See Jenks*, 61 Ohio St.3d 259 at paragraph two of the syllabus. The DVCPO showed Manes was subject to an ex parte protection order and had been for several months. The DVCPO was meant to replace the ex parte order that had issued on January 20, 2023. Manes has failed to provide any authority for her position that the ex parte order terminated at the time of the full hearing, such that there was a gap between the termination of the ex parte order and the actual filing of the DVCPO. *See* App.R. 16(A)(7). She signed the DVCPO, which indicated that its terms were in effect until March 23, 2028. By signing, she specifically acknowledged that she had read the document and agreed to its terms. The State did not need to

prove that she was served with a copy of the order. *See* R.C. 2919.27(D). Deputy Kemp testified that both the law enforcement database and the dispatch center confirmed the existence of an active protection order against Manes at the time she tried to indirectly contact the ex-boyfriend through their mutual friend. Upon review, she has not shown that her conviction is based on insufficient evidence. Accordingly, her first and third assignments of error are overruled.

## ASSIGNMENT OF ERROR II

MS. MANES['] CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE [] IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶19} In her second assignment of error, Manes argues her conviction is against the manifest weight of the evidence. This Court rejects her argument.

In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Id.*

{¶20} Manes argues her conviction is against the weight of the evidence because the State "failed to prove beyond a reasonable doubt" that she committed her offense. She once again argues there was no evidence of a valid protection order. Further, she argues the evidence did not tend to show that she recklessly violated the DVCPO by messaging the mutual friend. She notes that her message was not abusive or threatening and did not ask the mutual friend to contact the ex-

boyfriend. According to Manes, she simply asked the mutual friend if he happened to know when she might be able to retrieve her belongings and return some of the ex-boyfriend's belongings.

{¶21} To the extent Manes argues the State failed to prove its case beyond a reasonable doubt or there was no evidence of a valid protection order, her arguments sound in sufficiency rather than weight. *See State v. Yatson*, 2022-Ohio-2621, ¶ 69 (9th Dist.). Sufficiency tests the State's burden of production while manifest weight tests its burden of persuasion. *State v. Ross*, 2023-Ohio-1185, ¶ 10 (9th Dist.). Thus, manifest weight challenges concern the reliability or believability of the State's evidence, not its adequacy. *Yatson* at ¶ 69. We have already determined that Manes' conviction is based on sufficient evidence. *See* Discussion of Assignments of Error I and III, *supra*. We decline to revisit that issue. In reviewing her second assignment of error, we confine our review to the limited weight challenge she has presented; to wit: that the evidence did not tend to show she acted recklessly in sending the mutual friend her message.

{¶22} Having reviewed the record, we cannot conclude this is the exceptional case where the evidence weighs heavily against Manes' convictions. *See Otten*, 33 Ohio App.3d at 340. The jury received a copy of the DVCPO, showing Manes was subject to an ex parte protection order and then the DVCPO. The jury heard testimony that, just one day after she signed the DVCPO forbidding her from having direct or indirect contact with the ex-boyfriend, she messaged their mutual friend to ask if he "could find out" a good time for her to retrieve her belongings from the ex-boyfriend. Both the mutual friend and Deputy Kemp testified that they interpreted her message as a request for the mutual friend to contact the ex-boyfriend on behalf of Manes. The jury reasonably could have concluded that, in sending that message, Manes acted with heedless indifference to the consequences and disregarded a substantial and justifiable risk that she was likely to be violating a protection order. *See* R.C. 2901.22(C). Accordingly, we reject her

argument that her conviction is against the manifest weight of the evidence. Her second assignment of error is overruled.

### III.

**{¶23}** Manes' assignments of error are overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JAMES K. REED, Attorney at Law, for Appellant.

JENNIFER A. ROBERTS, Prosecuting Attorney, for Appellee.